UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JERVON COLEMAN,

        Petitioner,

                                      Case Number: 2:09-CV-13328
                                      Honorable Judge Denise Page Hood

v.

HUGH WOLFENBARGER,

        Respondent.
_____/

**OPINION AND ORDER DENYING PETITIONER'S REQUEST TO STAY THE PROCEEDINGS AND TO HOLD THE HABEAS PETITION IN ABEYANCE**

On June 30, 2010, this Court denied petitioner's application for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. The Court also denied petitioner a certificate of appealability but granted him leave to appeal *in forma pauperis. See Coleman v. Wolfenbarger,* No. 2010 WL 2650419 (E.D.Mich. June 30, 2010). On November 9, 2010, the Court denied petitioner's motion for a certificate of appealability.

Petitioner has now sent a letter to the district court clerk's office, which is construed as a motion to hold the petition in abeyance so that he can return to the state court to exhaust additional claims that were not included in his original petition. For the reasons that follow, the motion is DENIED.

The Court will deny the motion to hold the petition in abeyance pending the exhaustion of these additional claims because petitioner has not received

1

authorization from the Sixth Circuit to file a successive petition for writ of habeas corpus challenging these claims in federal court.  As mentioned above, this Court has already denied petitioner habeas relief with respect to his convictions.

Before a second or successive habeas petition is filed in a federal district court, a habeas petitioner shall move in the appropriate court of appeals for an order authorizing the district court to consider the petition. 28 U.S.C. § 2244(b)(3)(A); *In re Wilson,* 142 F.3d 939, 940 (6th Cir. 1998).  Under the Antiterrorism and Effective Death Penalty Act (AEDPA), a federal district court does not have jurisdiction to entertain a successive post-conviction motion or petition for writ of habeas corpus in the absence of an order from the court of appeals authorizing the filing of such a successive motion or petition. *Ferrazza v. Tessmer*, 36 F. Supp. 2d 965, 971 (E.D. Mich. 1999).

A federal court is without jurisdiction to enter a stay of proceedings in connection with a successive habeas petition absent express authorization by the applicable court of appeals pursuant to 28 U.S.C. § 2244(b)(3)(A). *See Alley v. Bell,* 392 F. 3d 822, 833 (6th Cir. 2004); *See also Kutzner v. Cockrell,* 303 F.3d 333, 338 (5th Cir. 2002).  In addition, this Court would lack the jurisdiction to allow petitioner to file an amended habeas petition which added these successive habeas claims, in the absence of a pre-filing authorization from the Sixth Circuit. *Hubbard v. Campbell*, 379 F.3d 1245, 1247 (11th Cir. 2004).  Moreover, under Fed. R. Civ. P. 15, once a judgment has been entered in a case, including a

habeas case, the filing of an amendment cannot be allowed until the judgment is set aside or vacated. *See Bishop v. Lane,* 478 F. Supp. 865. 866-67 (E.D. Tenn. 1978); *See also Pitts v. Champion,* 16 Fed. Appx. 975, 977 (10th Cir. 2001). Accordingly, the Court will deny the motion for abeyance without prejudice to petitioner's ability to seek permission from the Sixth Circuit to file a successive habeas petition once petitioner has exhausted these additional claims in the state courts.

## ORDER

Based upon the foregoing, IT IS ORDERED that the motion to hold the petition in abeyance [Dkt. Entry # 16] is DENIED. The denial is without prejudice to petitioner's ability to seek permission from the Sixth Circuit to file a successive habeas petition once petitioner has exhausted his additional claims in the state courts.

Dated: January 6, 2011

S/Denise Page Hood
Denise Page Hood
UNITED STATES DISTRICT JUDGE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on January 6, 2011.

S/Shawntel Jackson
Interim Case Manager